## COVY STEPTOE V. THE STATE.

No. 19109. Delivered June 25, 1937.
Rehearing Denied November 3, 1937.

The opinion states the case.

J. R. *Bogard,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to rape; punishment, six years in the penitentiary.

The facts in this case show that a sixteen year old girl was invited by two brothers to go in a car with them and another girl to a near-by church at night, but that in fact the party were driven to another church some twenty-five miles distant, and that on the way home the car was stopped, and prosecutrix was pulled out of the car by appellant, one of said brothers, who was riding with her on the back seat. The proof shows that the car was then driven away by appellant's brother.

The testimony of the prosecutrix makes a strong case of assault to rape a female under the age of consent, and is supported by the testimony of the other girl, who was in the car at said time. The matter was promptly reported by prosecutrix to her mother as soon as she got home.

Appellant brings forward five bills of exceptions, the first of which complains because the trial court did not tell the jury that appellant would not be guilty unless he actually made an attempt to penetrate the female organ of prosecutrix with his male organ. We regard such an exception as not well taken.

The second bill of exceptions complains because the court did not compel an election on the part of the State between the two counts of the indictment. Only one of the counts alleged that the female in question was not the wife of the appellant, and the court in his charge submitted the case upon this theory, which we regard as tantamount to an election. The third bill of exceptions is substantially upon the same grounds as bill No. 1, except that appellant in same stated part of the facts and asserted that same did not show anything beyond solicitation, with expectation of consent. Bills Nos. 4 and 5 set up misconduct of the jury.

The court heard evidence which is brought forward in a statement of facts, and which clearly negatives the idea of any

misconduct on the part of the jury. The most that could be said of same was that the jury were shown to have been in a drug store, and one member of same made a purchase from the clerk slightly apart from the others. Both the clerk and the juror testified fully rebutting any question of misconduct, and nothing else even suggesting misconduct appears to have been in testimony.

Not only did prosecutrix in this case testify that appellant pulled her from the car in the nighttime out on a lonely road, but she further testified that when appellant's brother drove the car away, as soon as appellant got out of the car, she protesting that she wanted to go where the others were,—he told her she was not going anywhere until she did what he wanted her to, and caught her by the arm, and when she begged to go home he refused and asked her to let him get in her breeches; and when she told him he was not going to do such a thing, and that she thought he was a nicer boy than that, and thought he was a boy who would respect girls, he said "Oh, hell, that is what they all say, we soon find out they are different." He again told her she was going to do what he wanted her to, and that she was not going home. He said "You just well to do it now and get it over with." She replied that she would never give over, and he said he would have to throw her down right here. She begged him to "Please let's go home," and he said "Hell no, we are not going anywhere." He said she just as well come on and do what he wanted her to, and if she did not they were not going home. He told her what he wanted her to do, and she said she never was going to give over. He put his arm around her and threatened to throw her down, and all the time she was trying to get loose, and they heard a car, and she said "That is them, let's go," and he repeated "Hell no, we are not going anywhere now, not until you do what I want you to." She then asked him to let her go talk to Lucille (the other girl with them). He refused to let her go. She told him she just wanted to talk to her a few minutes, and he said "Will you come back and do what I want you to do?" and hoping to get away she told him that she would, and appellant said to her "Will you hold up your right hand and swear to God you will come back with me," and,—so that she could get away,—she said she would. They then walked to the car, appellant holding her hands behind her back. When they got to the car Lucille opened the door and prosecutrix "caught around the car like this through the window and pulled myself in the car; I got my hand away and put my hand around the car like that and pulled

myself in the car and got away." She began crying. Appellant had his hand around her holding her when he told her he wanted to get into her pants. She was trying to get away.

Lucille Hopkins, the girl who was with prosecutrix and appellant on said occasion, testified that when appellant and prosecutrix came to the car, after appellant had gotten her out of the car, witness opened the door. Appellant was holding prosecutrix, and told her she was not getting in said car until she did what he wanted her to, and prosecutrix jerked loose from him and pulled herself in the car. Appellant had hold of prosecutrix then, and was telling her she was not getting in the car until she had done what he told her she was going to do. Witness said prosecutrix went to crying, and appellant's brother told him to get in the car and go home; he had to work the next day.

In our opinion these facts make a clear and complete case of assault to rape a female under the age of consent. In his charge the court gave the jury a definition of an assault, which was in entire accord with all the precedents. He then charged them:

"An assault with intent to commit rape is constituted by the existence of facts which bring the offense within the definition of an assault, coupled with the intention to commit the offense of rape."

He told the jury that if they found from the evidence beyond a reasonable doubt that defendant on or about the 12th day of July, 1936, in said county, did commit an assault upon the person of Sybil Wells, with the specific intent then and there at the time of the commission of said assault, if any, to have carnal knowledge of the said Sybil Wells, etc., etc., then they should find him guilty as charged in the indictment. We know of no authority in this State holding that on facts like these the accused is not guilty of an assault with intent to rape. Appellant cites some utterances in Cromeans v. State, 59 Texas Crim. Rep., 611, but we think they have no application to a case such as the one before us.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined with interest appellant's motion for rehearing, as well as the authorities cited in support of the motion in connection with which the statement of facts has been re-examined.

If we understand appellant's contention he seeks to have us apply the same rules of law in this character of case as would be applicable upon a charge of assault with intent to rape by force. The law is not the same. Confusion has been caused because the act of having intercourse with a girl under the age limit with her consent has been by the Legislature defined as rape, and not some other offense. Applying the law under the facts here appearing we still think appellant's complaints are without merit.

The facts seem to admit of no doubt that appellant committed an assault upon prosecutrix, and that it was his present intention to have intercourse with her and that she was under the age of consent. The degree of force necessary in the ordinary case of assault to rape need not be shown.

Appellant's motion for rehearing is overruled.

*Overruled.*